IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM PATRICK SARSFIELD III,<br><br>Defendant. | Case No. 23-cr-138-3 (RBW) |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO CONTINUE TRIAL FOR NEW COUNSEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully objects to defendant William Sarsfield's motion to continue trial. ECF No. 255. The motion, which alleges no justification for a change in counsel on the eve of trial—again—should be understood merely as a delay tactic and should be denied.

### BACKGROUND

The United States obtained an Indictment on April 26, 2023, charging William Patrick Sarsfield III—as well as four other defendants—with multiple offenses arising from their actions at the United States Capitol on January 6, 2021. ECF No. 41.

Defendant William Patrick Sarsfield III was charged in the Indictment with the following six counts: Count One: Civil Disorder, 18 U.S.C. § 231(a)(3); Count Three: Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1); Count Four: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2); Count Five: Engaging in Physical Violence in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(4); Count Six: Impeding Passage Through the Capitol Grounds or Buildings, 40 U.S.C. § 5104(e)(2)(E); and

Count Seven: Act of Physical Violence in the Capitol Grounds or Buildings, 40 U.S.C. § 5104(e)(2)(F).

After Mr. Sarsfield was charged, counsel was appointed from the Criminal Justice Act ("CJA") Panel. On February 23, 2023, H. Heather Shaner filed a notice of appearance as counsel for Mr. Sarsfield. ECF No. 6. Ms. Shaner appeared on behalf of Mr. Sarsfield in proceedings before this Court, including his arraignment and numerous status conferences. Ms. Shaner filed various motions on behalf of Mr. Sarsfield. *See* ECF Nos. 50, 92, 137, 173.

On September 11, 2023, this Court set this case for trial on April 29, 2024. ECF No. 76. After subsequent continuances, the trial was re-scheduled to begin with jury selection on Monday, May 6, 2024. *See* ECF Nos. 100, 121. The pretrial conference was set for April 30, 2024.

By April 29, 2024, the parties had fully prepared for trial. Both parties had fully briefed pretrial motions. The government had disclosed its witness list and met with and prepared numerous law enforcement officers. The government disclosed and produced its exhibit list, met and conferred with counsel on the exhibits, and provided significant assistance to defense counsel in the review of the exhibits. The government's case agent traveled to Washington, D.C. to prepare for trial.

Then, on April 29, 2024, and with no advance notice to the government, Ms. Shaner, on Mr. Sarsfield's behalf, filed a motion seeking the appointment of new counsel to represent Mr. Sarsfield at trial. ECF No. 182. The motion was filed just one week before the trial was set to begin and, as the motion acknowledged, just one day before the scheduled pretrial conference.

On April 30, 2024, rather than proceed with the scheduled pretrial conference, the Court heard argument, much of which was heard *ex parte*, on the motion to appoint new counsel and, as

a result, delay trial. Over the government's objection, the Court granted the last-minute motion. Thus, trial for Mr. Sarsfield was continued.

On the defendant's request, the Court scheduled a status conference 30 days later to permit the defendant ample opportunity to find new counsel. *See* ECF No. 194 (Order).

On May 30, 2024, the defendant had not hired new counsel. Thus, the Court indicated that counsel would be appointed. *See* Minute Order (5/30/2024); ECF No. 216.

On June 17, 2024, Mr. Marc Eisenstein entered an appearance on behalf of Mr. Sarsfield. ECF No. 218. On June 18, 2024, the government reached out to Mr. Eisenstein to facilitate the production of discovery, which was completed by June 21, 2024.

At a status conference on June 21, 2024, the Court set the trial date in late October 2024, to accommodate a substantial period of time for new defense counsel to prepare for trial and to accommodate all counsels' schedules. ECF No. 216.

The Court held the pretrial conference on October 21, 2024. At the pretrial conference, the defendant appeared and did not make any reference to hiring new counsel, continuing trial, or any other issues. By this date, the parties had, again, fully prepared for trial, including by filing pretrial briefing, finalizing and producing witness and exhibits lists, preparing witnesses for trial, scheduling witness travel, and otherwise finalizing all arrangements for trial.

Then, on October 22, 2024, less than one week before the trial date, and after the pretrial conference, Mr. George T. Pallas entered an appearance on behalf of Mr. Sarsfield. ECF No. 254. The defense, through Mr. Pallas (but not Mr. Eisenstein), then filed a motion to continue trial. ECF No. 255 (Def. Mot.).

In the motion, there is no clear request to permit Mr. Eisenstein, Mr. Sarsfield's now longstanding lead counsel, to withdraw, nor is there any stated basis to do so. However, the

defendant's request to continue trial is premised on the assumption that Mr. Eisenstein will withdraw. *See* Def. Mtn at 2 (arguing "a brief continuance would obviate the need for court-appointed counsel"). The defendant contends that a short continuance of the trial is warranted so that his newest attorney has time to prepare for trial. *Id.*

The government strongly opposes any request to continue trial. Notably, this defendant has already used this same tactic of seeking to delay trial through change of counsel on the eve of trial. The Court should deny this motion.

## ARGUMENT

### A.     Legal Standard

The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The Sixth Amendment secures the right to the assistance of counsel, by appointment if necessary, in a trial for any serious crime. *Gideon v. Wainwright*, 372 U.S. 335 (1963). The purpose of providing assistance of counsel "is simply to ensure that criminal defendants receive a fair trial," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and when evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984).

Therefore, a defendant's Sixth Amendment right to proceed to trial with counsel of one's own choosing is not absolute, especially when the defendant relies on court-appointed counsel. *See United States v. Burton*, 584 F.2d 485 (D.C. Cir. 1978). The right to counsel "'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.' The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the

dispensation of justice that is not unreasonably delayed has great force." *Id.* at 486 (*quoting Lee v. United States*, 235 F.2d. 219 221 (D.C. Cir. 1956)).

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *Burton*, 584 F.2d at 489. That is true even where the Court must "balance between the right to select counsel and the public's interest in the orderly administration of justice"; the appellate court will defer to the trial court's balancing and "not reverse absent a showing of a deprivation of the defendant's right." *Id.* at 492; *see also United States vs. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990) (applying *Burton* and affirming trial judge's refusal to grant continuance based on the asserted need of new counsel to prepare for trial).

Additionally, the Circuit has recognized that both the trial court and the government "generally ha[ve] a substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *United States v. Haldeman*, 559 F. 2d 31, 83 (D.C. Cir. 1976); *United States v. Gordon*, 77 F. Supp. 3d 95, 100 (D.D.C. 2015) (Lamberth, J.) ("The public has a strong interest in efficient and effective resolution of cases.").

When a defendant seeks a continuance for new counsel, a defendant's right to counsel, "must be carefully balanced against the public's interest in the orderly administration of justice." *Burton*, 584 F.2d at 489. When considering a motion for a continuance based on new counsel, a trial court should weigh the following factors:

> [T]he length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable

5

prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; [and] the complexity of the case. *U.S. v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013) (quoting *Burton*, 584 F.2d at 490-491).

The D.C. Circuit has previously considered cases in which, on the eve of trial, a defendant replaces court-appointed counsel with retained counsel and seeks a continuance. *See United States v. Poston*, 902 F.2d 90 (D.C. Cir. 1990) (J. Thomas). In *Poston*, although the court-appointed attorney had represented the defendant at arraignment and filed motions on his behalf, the defendant waited until the day before trial to seek to replace his attorney. *Id.* at 97. The defendant in *Poston* "provided no justification for the delay in selecting new counsel," and, therefore, the D.C. Circuit held that "the trial court could reasonably have concluded that his motion was 'dilatory, purposeful, or contrived.'" *Id.* (*quoting Burton*, 584 F.2d at 491). Notwithstanding new defense counsel joining the case the day before trial, the court in *Poston* did not grant a continuance but required appointed counsel to remain on the case to assist the new attorney. *Id.* at 97. Applying the *Burton* factors, Justice (then Judge) Thomas, writing for the panel, affirmed. "At that point, granting a continuance would have significantly disrupted the schedules of the court and the prosecution." *Id*. "A trial judge enjoys great discretion in ruling on a motion for a continuance," he explained, and the "judge must consider the justifications offered by the party seeking a continuance, balancing them against the judicial system's interest in expeditious proceedings." *Id.*.

### B. The Court Should Deny The Defendant's Latest Motion to Continue the Trial Date

The Court must weigh the factors outlined in *Burton* when deciding whether to grant a continuance to allow new counsel to prepare for trial. Nearly all of these factors counsel strongly in favor of denying any such motion to continue the trial.

First, this is not Mr. Sarsfield's first request for new counsel, nor is it Mr. Sarsfield's first request to continue trial—on the eve of trial—on the basis of new counsel. That the Court has

6

already accommodated a virtually identical request weighs strongly against this second request. As the Court knows, in May 2024, just one week prior to the start of trial, the defendant sought new counsel and a continuance of the trial date. Over the government's objection, the Court granted the continuance and permitted Mr. Sarsfield to obtain new counsel. Here, the defendant moves to delay his trial so that he can, once again, obtain new counsel. The only difference this time is that trial is even closer. The Court should not allow such gamesmanship. The defendant's request should be taken for what it is: an intentional and dilatory tactic to avoid trial.

Indeed, Mr. Sarsfield has not alleged—nor is the government aware of—any potential conflict related to Mr. Eisenstein's representation. Nor does Mr. Sarsfield allege that Mr. Eisenstein has not provided him with adequate representation. In fact, Sarsfield's motion does not allege *any* reason why new counsel is necessary. At best, the defendant, through Mr. Pallas, contends that public funds will be saved by appointing new counsel. Def. Mot. at 2. To the contrary, the public has already expended significant funds to prepare for trial that begins in less than a week. Moreover, although Mr. Pallas filed the motion for a continuance today, he indicated in the motion that he was "recently retained." Def. Mot. at 1.[1] Despite that, the defendant never mentioned any problems with his current counsel or other issues that would support such a request when the parties and Court were convened at the pretrial conference just *yesterday*.

---

[1] Mr. Pallas has not indicated when exactly he was "recently" retained. However, the government is aware that Mr. Pallas represented the defendant in another January 6-related trial in this courthouse just two weeks ago. *See United States v. Braun*, 23-cr-354 (TJK). Mr. Pallas could not have reasonably agreed to represent Mr. Sarsfield at a trial scheduled to begin so soon after the *Braun* trial, particularly where he had no prior involvement in Mr. Sarsfield's case. That is, unless he was hired with the intention of providing a justification to delay trial.

It is worth noting, moreover, that this tactic is not new. In addition to Mr. Sarsfield's previous efforts to delay trial, discussed above, Mr. Pallas likewise entered his appearance in *Braun* and immediately moved for a continuance less than a week before trial. *Id.*, ECF Nos. 71, 72. However, Judge Kelly denied Mr. Pallas's motion, ECF No. 96, and trial began on October 7th.

And because Mr. Sarsfield has provided no justification for the late timing of his motion seeking new representation, this Court can—like the court in *Poston*—justifiably infer that the motion is nothing more than a delay tactic. This attempt by Mr. Sarsfield to buy himself more time before facing trial runs counter to the public's "strong interest in the prompt, effective, and efficient administration of justice," *Burton*, 584 F.2d at 486, and the Court should not entertain it. This is especially true because the Court has already granted a continuance of the trial in a near-identical circumstance.

Next, the timing of the request magnifies its "inconvenience to the litigants, witnesses, counsel, and the court." This case has been pending since February 2023, and trial has been scheduled since September 2023. Granting a continuance would unduly prejudice the government and would "significantly [disrupt] the schedules of the court and the prosecution." *Poston*, 902 F.2d at 97. Trial is set to commence in less than a week. The parties have filed all necessary motions and have substantially prepared their exhibits. One of the government's witnesses is scheduled to board a flight to Washington, D.C., on Wednesday to prepare for trial. Numerous other government witnesses have cleared their work schedules to accommodate the trial schedule and have taken time out of their schedules to prepare to testify. And government counsel—working with defense counsel—has spent significant time preparing for trial. The Court, too, has set aside time for trial and has worked with present counsel, including Mr. Eisenstein, to find a trial date amenable to all counsels' schedules.

Lastly, should a continuance be granted, it would likely be a relatively lengthy one. It is unlikely that lead counsel for the government would be able to try this case if it were continued, which would likely require a change in government counsel, in addition to the requested change in defense counsel. Therefore, if the Court grants a continuance, the trial would not begin until, at

8

the absolute earliest, next year. And, considering the Court's own busy trial schedule, it may be even later. Moreover, balancing the schedules of all counsel and the Court has already proven problematic, as highlighted by the fact that trial in this case was originally scheduled more than one year ago and still has not taken place.

## CONCLUSION

For the foregoing reasons, the Government respectfully objects to Mr. Sarsfield's second, late-filed motion to continue trial, and respectfully requests that the Court deny this motion.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Ashley Akers*
ASHLEY AKERS
Senior Trial Attorney
MO Bar No. 69601
U.S. Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
Ashley.Akers@usdoj.gov
202-353-0521

*s/ Sean J. Brennan*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
(202) 265-8210
sean.brennan@usdoj.gov