THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 1:23-cr-00138-RBW |
| ) | |
| **WILLIAM PATRICK SARSFIELD, III,** ) | |
| **Defendant** ) | |
| _____/ | |

## REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL

The Defendant, **WILLIAM PATRICK SARSFIELD, III**, through undersigned counsel, files this his Reply to the Government's opposition to Defendant's Motion to Continue Trial as follows:

## STATEMENT OF THE FACTS

Mr. Sarsfield has, for some time, been seeking funding from a charitable group to hire private counsel. In fact, Mr. Sarsfield was under the impression that private counsel had been hired and was to appear at the pretrial conference this week. Of course, that did not happen until after the conference. Undersigned counsel looks forward to appearing before the Court for trial, but it is impossible to properly prepare and to afford Mr. Sarsfield effective assistance of counsel by Monday, October 28, 2024.

Undersigned counsel previously tried a case before your Honor in April of 2023. The trial was in excess of two (2) weeks. Your Honor may recall that undersigned counsel was never anything less than professional throughout those proceedings. Importantly, counsel was never late and never delayed any proceeding. I mention this only to first, make the government and the Court fully aware of the validity and sincerity of the Defendant's request and secondly, to **dispel any notion by anyone**, as intimated in the Government's response, that this request for continuance is anything but a legitimate one or is, in some way, a devious ploy to unnecessarily delay these proceedings. Counsel intends to fully prepare this case and try it if the Court allows him time to prepare.

## ARGUMENT

A criminal defendant is entitled, under the US Constitution, to paid counsel of his choosing, that a violation of this Sixth Amendment right is "complete" without a showing of prejudice, and that such a violation of this right is not subject to harmless-error analysis. *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006). Thus, while an *indigent* criminal defendant only has the constitutional right to the effective assistance of counsel, a defendant with means to hire an attorney, like Sarsfield, has the **additional constitutional right** to counsel of his own choosing. *United States v. Basham*, 561 F.3d 302 (4th Cir. 2009)

Adherence to a trial date once set is an admirable and worthy goal, but a district court's schedule, though a significant consideration, does not automatically trump all other interests. *See United States v. Miller,* 327 F.3d 598, 601 (7th Cir.2003). Just as the Supreme Court has unanimously held in an analogous Sixth Amendment case that a local rule of evidence cannot trump a defendant's Sixth amendment "right to present a complete defense," *Holmes v. South Carolina,* 547 U.S. 319 (2006), neither can a court's docket.

Relying on *Gonzalez-Lopez,* both the Fifth Circuit and the Seventh Circuit have held that ***even a defendant's subsequent guilty plea*** does not preclude him from challenging on appeal a denial of his right to counsel of choice. *United States v. Sanchez Guerrero,* 546 F.3d 328, 332 (5th Cir.2008); *United States v. Smith,* 618 F.3d 657 (7th Cir. 2010). Indeed, the *Smith* court went further in holding that ***even a guilty plea with an appellate waiver in a written plea agreement*** still does not constitute a waiver of the issue. Both courts ***reversed*** the Defendant's convictions.

The Ninth Circuit is in accord with this bedrock principle. In *United States v. Brown,* 785 F.3d 1337 (9th Cir. 2015), the court, relying on *Gonzalez-Lopez*, vacated a conviction for transporting child pornography (***where the court found there was sufficient evidence to convict)*** without a showing of prejudice holding

that a request to change lawyers two-and-a-half-weeks before trial would not disrupt the fair, efficient and orderly administration of justice.

Inexplicably, the government cites none of these compelling post-*Gonzalez-Lopez* appellate decisions.  Rather, they almost exclusively rely on cases that pre-date *Gonzalez-Lopez* (*Poston, Burton, Haldeman*), which are, of course, inapposite to the specific factual situation herein.  Moreover, the government advances a myriad of reasons (witness travel, no "specific" prejudice to the defendant, current competent counsel, etc.), all of which are extraneous to the *Gonzalez-Lopez* analysis.

The mandate of *Gonzalez-Lopez* is clear.  Under the United States Constitution, a criminal defendant has a ***right to paid counsel of his choosing***, that a violation of this Sixth Amendment right is ***"complete" without a showing of prejudice***, and that such a violation of this right is ***not subject to harmless-error analysis.***  For all the reasons expressed herein, this Court should continue this matter.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for William Patrick Sarsfield, III
Bar No:  FL0108
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/ *George T. Pallas*

GEORGE T. PALLAS, ESQ.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/ *George T. Pallas*  
GEORGE T. PALLAS, ESQ