IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIAM PATRICK SARSFIELD III,<br><br>Defendant. | Case No. 23-cr-138-3 (RBW) |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE TRIAL FOR NEW COUNSEL**

  The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement, in support of its opposition to the defendant's Motion to Continue Trial for New Counsel, pursuant to this Court's order. ECF No. 261. The Supreme Court and the circuit courts of appeal have repeatedly recognized the bedrock principle that the Sixth Amendment right to choice of counsel is not absolute and that a district court has broad discretion to balance that right against competing interests, including the Court's schedule and the efficient administration of justice. This caselaw likewise affirms that the Court's decision will be reviewed only for abuse of discretion. Because the defendant's current motion represents nothing more than an attempt—for the second time—to cause delay on the eve of trial, the Court can and should deny the motion without running afoul of the Sixth Amendment.

  **I. Procedural Background**

  On October 23, 2024, this Court held a hearing on defendant William Sarsfield's motion to continue trial, ECF No. 255. At that hearing, the Court asked defense counsel to provide applicable caselaw addressing situations where, as in this matter, the defendant had waited until the eve of trial to request a change of counsel—despite alleging no concerns with the quality of

current defense counsel's representation—and thus delay trial. Government counsel represented to the Court that it could provide relevant caselaw supporting the Court's broad discretion to deny such dilatory requests.

To provide the Court with this relevant caselaw, government counsel sought leave of the Court to file, that same day, a brief supplement to its previous response, and the Court granted this request. *See* ECF No. 261. The government now files its supplemental response, showing that relevant caselaw supports the Court's broad discretion to deny the defendant's motion.

## II. The Cases Cited by the Defendant Are Inapplicable to the Facts of this Case and, In Fact, Support the Court's Discretion to Deny the Motion

In his reply to the government's opposition, ECF No. 260, the defendant places great emphasis on a single Supreme Court case, and a handful of circuit court cases that cite it: *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). As an initial matter, the Supreme Court, in *Gonzalez-Lopez*, reiterated the bedrock principle that "the right of counsel of choice 'is circumscribed in several important respects,'" *id.* at 144 (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)). In fact, the Court even noted that "a trial court's wide latitude in balancing the right to counsel of choice . . . against the demands of its calendar" was not implicated by its ruling, because the specific facts of the case made it irrelevant. *Id.* at 152 (internal citations omitted).

A basic discussion of those facts makes it clear that *Gonzalez Lopez* is worlds apart from the present case. *Gonzalez-Lopez* did not consider a defendant who, on the eve of trial, attempted to replace counsel and delay trial. Rather, in that case, Gonzalez-Lopez was represented by a retained attorney at arraignment, but shortly thereafter hired counsel of his choice, Low, and informed his original attorney that he planned to proceed with Low as his sole attorney. *Id.* at 142. However, when Low filed an application for admission *pro hac vice* to represent Gonzalez-Lopez in the Eastern District of Missouri, his application was denied without comment. *Id.* Low filed a

second application one month later, which was also denied without explanation, and his appeal of this denial was dismissed by the Eighth Circuit. *Id.* When the case proceeded to trial, following a short continuance to allow Gonzalez-Lopez to find new trial counsel, Low again moved for admission *pro hoc vice*, but was once again denied. *Id.* at 143. Moreover, the district court denied trial counsel's request to have Low sit at counsel table and, in fact, instructed Low to have no contact with trial counsel for the duration of the proceedings. *Id.*

In fact, the denial of Gonzalez-Lopez's right to counsel of his choice was so clear that the government did not dispute that a violation of that right had occurred. *Id.* at 144. So, the question before the Supreme Court in *Gonzalez-Lopez*, was merely whether a showing of prejudice was necessary to entitle a defendant to a reversal of conviction *once a violation of the right to counsel of choice was already established*.

The facts of this case could not be further from those of *Gonzalez-Lopez*. Unlike Gonzalez-Lopez, the defendant has—until this week—never retained counsel in this matter, despite the Court granting a previous continuance with the express goal of allowing him to do so. *See* ECF No. 194. Unlike Gonzalez-Lopez, the defendant is asking for a second continuance of the trial date, despite identifying no concerns with Mr. Eisenstein's representation of him. Unlike in *Gonzalez-Lopez*, the Court has not repeatedly denied any defense counsel the ability to represent the defendant, let alone denied any such request without providing clear reasoning. And, crucially, unlike in *Gonzalez-Lopez*, where all parties agreed that a violation of Gonzalez-Lopez's rights had occurred, denying the defendant's motion in this case would not amount to a violation of the Sixth Amendment.

The remaining cases cited by the defendant are similarly irrelevant here, and, in general, support the Court's discretion to deny the defendant's motion. For example, it is unclear why it is

3

relevant that a defendant may allege a denial of their Sixth Amendment rights on appeal, notwithstanding a guilty plea. *See* ECF No. 260 at 3. In this case, a denial of the present motion would not result in a Sixth Amendment violation. Nor is it clear why a case involving a defendant's right to fire retained counsel and seek court-appointed counsel is relevant to the facts of this case. *Id.* at 3–4.

In fact, the cases cited by the defendant affirm the Court's discretion to deny the present motion: in *United States v. Sanchez-Guerrero*, 546 F.3d 328, 332–33 (5th Cir. 2008), the Fifth Circuit affirmed that a district court's ruling when disqualifying a defense attorney for a conflict of interest is reviewed only for abuse of discretion. Likewise, in *United States v. Smith*, 618 F.3d 657, 665–66 (7th Cir. 2010), the Seventh Circuit emphasized that the right to counsel of choice "is not without limits" and even quoted *Gonzalez-Lopez* for the proposition that a district court maintains "wide latitude in balancing the right to counsel of choice against the . . . demands of its calendar."[1]

And, while the defendant cites *United States v. Brown*, 785 F.3d 1337 (9th Cir. 2015), for the proposition that a request to change lawyers two-and-a-half weeks before trial "would not disrupt the fair, efficient and orderly administration of Justice, ECF No. 260 at 4. Such an assertion is not supported by the Ninth Circuit's opinion. Rather, in *Brown*, the Ninth Circuit suggested that

---

[1] While the Seventh Circuit, in *Smith*, ultimately found that the district court had violated Smith's right to counsel of choice, it emphasized that this was because *nothing* in the record supported the inference that Smith was trying to manipulate the Court's schedule. *Smith*, 618 F.3d at 666. Rather, the district court based its decision "entirely" on its determination to try the case on a specific date when new defense counsel would be unavailable—despite no trial date being set at the time the new defense counsel filed the motion to substitute. *Id.* This is a far cry from the present case, where the trial date was set *four months* before the defendant indicated his desire to retain new counsel. And, unlike in *Smith*, the defendant's repeated eve-of-trial attempts to substitute counsel and continue the trial more than supports a finding that he is attempting to manipulate the Court's schedule.

4

concerns about scheduling *could* be grounds for denying the retained attorney's request to withdraw. In fact, as in *Smith*, the court cited *Gonzalez-Lopez* to emphasize the district court's "'wide latitude in balancing the right' to discharge retained counsel against 'the demands of its calendar.'" *Id.* at 1349 (quoting *Gonzalez-Lopez*, 548 U.S. at 152). Based on the facts of that case, however, the Ninth Circuit found that the district court had not actually based its decision on these concerns about delay. *Id.* The same can hardly be said here, where this Court's concerns about unnecessary delay in the administration of justice were apparent in this morning's hearing.

Taken as a whole, therefore, the cases cited by the defendant in support of his motion actually *support* this Court's authority to deny the present motion.

## II. The Supreme Court and Numerous Circuit Courts Have Emphasized the Limited Nature of a Defendant's Right to Counsel of Choice

In addition to the cases discussed above, the government points to a non-exhaustive list of caselaw from the Supreme Court and numerous circuit courts, upholding a district court's discretion to balance a defendant's right to counsel of choice with the demands of its calendar and the efficient administration of justice.

- *Wheat v. United States*, 486 U.S. 153 (1988): In *Wheat*, the Supreme Court considered a district court's determination that an unwaivable conflict of interest existed for a defense attorney representing two codefendants. Discussing the right to counsel of choice protected by the Sixth Amendment, the Supreme Court emphasized the limited nature of the right, stating: "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant *rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers*." *Id.* at 159 (emphasis added).

- *United States v. Lyles*, 223 F. App'x 499 (7th Cir. 2007): In *Lyles*, the Seventh Circuit considered whether the trial court violated the defendant's Sixth Amendment rights by refusing to grant a third continuance, on the eve of trial, to allow time for the defendant to retain counsel of her choice after her relationship with previous counsel had soured. In finding that the district court did not err, the Seventh Circuit emphasized that "[t]he trial court's latitude in this area is especially broad" and will be reviewed only for abuse of discretion. *Id.* at 502. Moreover, because "[i]t would be an understatement to say that Lyles was tardy in exercising her Sixth Amendment right to engage counsel of her choice" and because the trial court had previously granted continuances, the Seventh Circuit found that the trial court was "entitled to conclude that [the defendant] had already been afforded a 'fair opportunity' to find counsel of her choice and that she did not deserve a third or fourth chance to do so, especially when the third request came on the eve of trial." *Id.* (quoting *United States v. Carrerra*, 259 F.3d 818 (7th. Cir. 2001)).

- *United States v. Schmidt*, 105 F. 3d 82 (2d Cir. 1997): In *Schmidt*, the Second Circuit considered, among other things, the district court's denial of the defendant's request to substitute counsel on the eve of trial, having already been represented by three different appointed attorneys. In finding the denial appropriate, the Second Circuit emphasized that "[o]n the eve of trial, just as during trial, a defendant can only substitute new counsel when unusual circumstances are found to exist, such as a complete breakdown of communication or an irreconcilable conflict." *Id.* at 89.

- *United States v. Sinclair*, 770 F.3d 1148 (7th Cir. 2014): In *Sinclair*, the Seventh Circuit considered whether the district court violated the Sixth Amendment in denying the defendant's request, the week before trial, to continue trial to allow him to hire new counsel. In finding that the district court did not err, the Seventh Circuit emphasized that "[o]ne particularly salient circumstance" was the timing of the motion. *Id.* at 1154. An eve-of-trial continuance, the court emphasized, was not cost-neutral: "Needless to say, trial preparation takes substantial time and effort— by the prosecutor and defense attorney, to be sure, but also by the court—and revving up for trial a second time necessarily involves duplication of effort and

6

attendant public expense." *Id.* And, while the court noted that the last-minute nature of the request was not, alone, justification for denial, it also emphasized that "the defendant bears some responsibility to act diligently to minimize or avoid [eve-of-trial continuance requests] if possible." *Id.* at 1155.

Here, where the defendant has an established pattern of eve-of-trial attempts at delay, the Court clearly has broad discretion to balance the defendant's right to counsel of his choosing with the Court's schedule, the cost of repeated delays, and the efficient administration of justice. Caselaw from the Supreme Court and the circuit courts of appeals support this broad discretion and affirm that it will be reviewed only for abuse of discretion.

### III. Conclusion

For the foregoing reasons, the Government objects to Mr. Sarsfield's second attempt to delay this case through an eve-of-trial change in counsel, and respectfully requests that the Court deny this motion.

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

By:   /s/ *Ashley Akers*
      ASHLEY AKERS
      Senior Trial Attorney
      MO Bar No. 69601
      U.S. Attorney's Office
      District of Columbia
      601 D Street NW
      Washington, DC 20530
      Ashley.Akers@usdoj.gov
      202-353-0521

        <u>*s/ Sean J. Brennan*</u>
        SEAN J. BRENNAN
        Assistant United States Attorney
        NY Bar No. 5954128
        601 D Street NW
        Washington, DC 20530
        (202) 265-8210
        sean.brennan@usdoj.gov