# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.    )<br>)<br>**WILLIAM PATRICK SARSFIELD, III,** )<br>   **Defendant**    )<br>_____/ | Case No. 1:23-cr-00138-RBW |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENT

The Defendant, **WILLIAM PATRICK SARSFIELD, III**, responds to the Government's Supplement as follows:

### I.   The "numerous" Circuit Court cases cited by the Government are all distinguishable from the instant case:

*Wheat v. United States*, 486 U.S. 153 (1988): predates *Gonzalez-Lopez*

*United States v. Lyles*, 223 F. App'x 499 (7th Cir. 2007):  defendant asked for a continuance one day before trial and had not yet hired an attorney.

*United States v. Schmidt*, 105 F. 3d 82 (2d Cir. 1997): predates *Gonzalez-Lopez*

*United States v. Sinclair*, 770 F.3d 1148 (7th Cir. 2014): Trial was set to begin on a Tuesday. On Wednesday of the week before trial, Sinclair wrote the district judge asking for a continuance to allow his family to hire a private attorney to represent him. The judge received the letter on Thursday, docketed it on Friday, and scheduled a hearing for the following Monday. At the end of the hearing, the judge denied the continuance request. Trial began as scheduled the next day.  Family had contacted an attorney but no arrangements to hire had been made and no new counsel entered an appearance.

## II. The case most analogous to the instant case is *United States v. Sellers,* 645 F.3d 830 (7th Cir 2011)

There, counsel filed the *first* motion for a continuance on May 7, five days (three business days) before the originally scheduled May 12 trial date. As an accommodation, the court delayed trial for one week until May 19, 2008, even though the Court cancelled his attendance at a 7th Circuit conference. New counsel failed to enter an appearance by that date, and an associate failed to mention any proposed change in counsel when appearing at the status hearing. The district court judge wrote, "it is typically this Court's rule that new counsel take the case as they find it."

On the scheduled date of trial, Monday, May 19, 2008, Sellers appeared with both a prior attorney and his newly retained attorney. The court held that a court that sacrifices a Sixth Amendment right without viewing the circumstances of the case as a whole acts arbitrarily. The court further opined that a trial court 'Should look not just at how close to trial the request came, or how long it has been since the arraignment, but rather, as the court did in *Carlson,* we look at the whole of the circumstances surrounding the last-minute filing." But the fact that the district court failed to inquire of either Oppenheimer, or later Volpe, how long substitute counsel would need to prepare adequately for trial evidence a failure to actually balance the

right to choice of counsel against the needs of fairness and suggests that the district court unreasonably viewed any delay as unacceptable. As this court has noted, trial dates frequently open when cases settle, and defendants plead."

Undersigned counsel has affirmatively asserted to this Court that he would be prepared to try this case within 60-90 days.  There is no compelling reason to not allow a competent attorney who has tried January 6 cases, including in this courtroom, to appear as counsel of choice for this defendant.  This Court should not force new counsel "to take the case as they find it."

                Respectfully submitted,

                GEORGE T. PALLAS, P.A
                Counsel for William Patrick Sarsfield, III
                Bar No:  FL0108
                2420 SW 22nd Street
                Miami, FL 33145
                305-856-8580
                305-860-4828 FAX
                george@pallaslaw.com

                By:/s/ *George T. Pallas*
                 GEORGE T. PALLAS, ESQ.

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/ *George T. Pallas*
GEORGE T. PALLAS, ESQ