UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 23-cr-138-3 (RBW) |
| v. : | |
| : | |
| WILLIAM PATRICK SARSFIELD III, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

The Defendant, William Sarsfield, has moved for his "immediate release" pending his March 4, 2025 sentencing. ECF No. 282. Rather than engaging with this Court's express finding, at the conclusion of trial, that the defendant "pose[s] a danger to the safety of . . . the community," 18 U.S.C. § 3143(a), the Defendant suggests that the mere possibility of a future presidential pardon justifies the requested relief.

Once a defendant has been found guilty of an offense, the law requires the Court to detain that defendant pending sentencing, with limited exceptions. 18 U.S.C. § 3143(a). Specifically, a defendant who has been found guilty of an offense should be released pending sentencing only if the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." *Id.* Notably absent from the statute governing release pending sentencing is any reference to the possibility of future exercises of discretionary powers by the Executive Branch.

On November 1, 2024, a jury found the Defendant guilty of *six* offenses: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

1

(Count Four); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) (Count Five); Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E) (Count Six); and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Seven).

After the jury rendered that verdict, this Court heard extensive argument from the Defendant on the question of detention pending sentencing. At that time, the Court explicitly found that the Defendant had not met his burden of establishing by a clear and convincing evidence that he did not pose a danger to the safety of the community. Accordingly, as required by law, the Court ordered that the Defendant be detained pending sentencing. *See* Minute Entry (Nov. 1, 2024).

In the present motion, the Defendant does not provide any additional evidence to support any claim that he does not pose a danger to the safety of the community. Rather, he merely asserts that it would be "simply unnecessary" for the Defendant to remain in custody pending the possibility of a presidential pardon. Setting aside that this supposed pardon, which the Defendant's motion takes as a certainty, is far from guaranteed at this time, the fact remains that the future exercise of discretionary powers by the Executive Branch is not a relevant consideration when determining whether a defendant should be detained pending sentencing. *See* 18 U.S.C. § 3143(a).

Because "the potential future exercise of the discretionary pardon power, an Executive Branch authority, is irrelevant to the Court's obligation to carry out the legal responsibilities of the Judicial Branch," *United States v. Lichnowski*, 23-cr-341 (RBW), ECF No. 73, the Defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    <u>/s/ *Ashley Akers*</u>
       ASHLEY AKERS
       Trial Attorney
       MO Bar No. 69601
       601 D Street NW
       Washington, DC 20530
       Ashley.Akers@usdoj.gov
       (202) 353-0521

       <u>/s/ *Sean J. Brennan*</u>
       SEAN J. BRENNAN
       Assistant United States Attorney
       NY Bar No. 5954128
       601 D Street NW
       Washington, DC 20530
       Sean.Brennan@usdoj.gov
       (202) 252-7125