UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 23-138-3 (RBW) |
| ) | |
| WILLIAM PATRICK SARSFIELD III, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On November 8, 2024, the defendant filed a motion seeking "immediate release [from custody] and to allow him to remain on bond pending sentencing[,]" Defendant Sarsfield's Motion for Release Pending Sentencing ("Def.'s Mot.") at 1, ECF No. 282, in light of the results of the Presidential election conducted on November 5, 2024, and the defendant's belief that he is "a worthy candidate for receipt of a presidential pardon[,]" id. at 4. In opposition to the defendant's motion, the government argues that "[b]ecause 'the potential future exercise of the discretionary pardon power[ of] an Executive Branch authority[] is irrelevant to the Court's obligation . . . ,' the [d]efendant's motion should be denied." Government's Opposition to the Defendant's Motion for Release Pending Sentencing ("Gov't's Opp'n") at 2, ECF No. 283 (quoting Order at 1 (Nov. 7, 2024), United States v. Lichnowski, 23-cr-341 (RBW), ECF No. 73).

Relevant here is only whether the defendant has established "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released[ pending sentencing.]" 18 U.S.C. 3143(a). And, as the government properly asserts, "the future exercise of discretionary powers by the Executive Branch is not a relevant consideration when determining whether a defendant should be detained

pending sentencing." Gov't's Opp'n at 2; see 18 U.S.C. § 3143(a). Rather than providing to the Court reasons why it should reconsider its decision to detain the defendant pending his sentencing, he has elected to disregard the Judicial Branch's role in protecting the public from defendants who have been found guilty of committing crimes involving the commission of acts of violence. And here, the defendant was convicted, inter alia, of multiple crimes that include elements of violent conduct including Civil Disorder, Engaging in Physical Violence in a Capitol Building or Grounds, and Impeding Passage Through the Capitol Building or Grounds. See Indictment as to William Patrick Sarsfield III ("Indictment") at 1–4, ECF No. 41; see also Verdict Form as to William Patrick Sarsfield III ("Verdict Form") at 1–2, ECF No. 280. Proof of the defendant's guilt for the commission of these criminal acts was based on video evidence depicting the defendant's collective forward-pushing with other rioters against police officers trying to stop the rioters from entering the Capitol Building on the day the United States Congress was scheduled to certify the 2020 Presidential Electoral College votes. Moreover, several police officers involved in stopping the rioters from entering the Capitol testified about the violent nature of the rioters' conduct and the impact it had on them and their fellow officers, which was corroborated by the video evidence, including the depiction of an officer being crushed between a door and advancing rioters. Additionally, the video evidence depicted the defendant waving multiple rioters into the tunnel to reinforce other rioters who were assaulting the police officers. Despite these facts, the defendant offered no evidence to prove that he does not pose a danger to the community.

Based on this record, the Court concludes that it was statutorily compelled to detain the defendant pending his sentencing. As mandated by 18 U.S.C. § 3143, in the absence of the applicability of one of the three parts of paragraph 2 of § 3143(a), the Court "shall order that a

person who is found guilty of an offense and who is awaiting imposition or execution of [his] sentence . . . be detained unless the judicial officer finds by <u>clear</u> and <u>convincing</u> evidence that the person is not likely to . . . pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a) (emphasis added). Despite the representation that the defendant will seek a pardon from the newly elected President, this alone is not a basis for the Court to disregard the mandate of § 3143(a). Accordingly, it is hereby

**ORDERED** that Defendant Sarsfield's Motion for Release Pending Sentencing, ECF No. 282, is **DENIED**.

**SO ORDERED** this 18th day of November, 2024.

*/s/ Reggie B. Walton*
REGGIE B. WALTON
United States District Judge